UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT TAYLOR BROWN, #742378,

        Plaintiff,

v.

        Civil No. 1:19-CV-11509
        Honorable Thomas L. Ludington

CORRECTIONS OFFICER KLOTZ, et al.,

        Defendants.
_____/

## OPINION AND ORDER PARTIALLY DISMISSING PLAINTIFF'S COMPLAINT AND CLAIMS AGAINST DEFENDANTS NEVINS, CRANE, MUZINS, SALINAS AND LINDSEY

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Robert Taylor Brown ("Plaintiff"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, sues Corrections Officers Klotz, Nevins, Crane, and Muzins, Hearing Investigator Salinas, and Warden K. Lindsey. Plaintiff alleges that Defendant Klotz placed him in segregation and forged/falsified evidence to retaliate against him for filing a civil rights claim against another corrections officer. *See* ECF No. 1 at PageID.5. He further alleges that the other Defendants "are accountable for cohesion" with Defendant Klotz. *Id.* He raises claims of retaliation, discriminatory harassment, cruel and unusual punishment, and due process violations. *Id.* Plaintiff sues the Defendants in their personal and official capacities and seeks monetary damages and injunctive relief. Plaintiff was granted leave to proceed without prepayment of the filing fee. ECF No. 5. For the following reasons, the complaint will be partially dismissed.

**I.**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, a complaint will be dismissed if it seeks redress against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

Plaintiff's claims against Defendants Nevins, Crane, Muzins, Salinas, and Lindsey will be dismissed. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be established based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff makes no such factual allegations against the foregoing defendants. Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for another person's conduct, and/or did not properly respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury he suffered is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees.

*See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth a three-part test for such claims).

Plaintiff's only factual allegation against the foregoing Defendants is that they "are accountable for cohesion" with Defendant Klotz. To sustain a civil conspiracy claim under § 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with "some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff makes no such showing. Rather, his allegations of conspiracy are vague, conclusory, and unsupported by material facts. It is well-established that conclusory allegations, without factual support, are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003), including a conspiracy claim. *Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez*, 826 F.2d at 1538. Accordingly, Plaintiff's claims against Defendants Nevins, Crane, Muzins, Salinas, and Lindsey will be dismissed.

### III.

Plaintiff's claims of discriminatory harassment, cruel and unusual punishment, and due process violations will also be dismissed. Plaintiff lists the claims in his complaint, but sets forth no factual allegations to support them. He fails to identify with any specificity how, when, or by whom he was subject to racial discrimination, cruel and unusual punishment, or violations of his due process rights. As noted, conclusory allegations are insufficient to state a civil rights claim

under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Maldowan*, 578 F.3d at 390-91; *Lanier*, 332 F.3d at 1007.  Because the claims are devoid of factual support, they fail to state claims upon which relief may be granted in this civil rights action.  Accordingly, Plaintiff's claims for discriminatory harassment, cruel and unusual punishment, and due process violations will be dismissed.

### IV.

Plaintiff's complaint against the remaining Defendant, Corrections Officer Klotz, will be partially dismissed on the basis of immunity.  Plaintiff sues Defendant Klotz, an employee of the Michigan Department of Corrections, in her official capacity and seeks monetary damages and injunctive relief.  However, the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).  Eleventh Amendment immunity applies to state employees who are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).  Because Defendant Klotz is an employee of the Michigan Department of Corrections and is sued in her official capacity, she is entitled to Eleventh

Amendment immunity. *See Johnson*, 357 F.3d at 545. Accordingly, Plaintiff's claim for damages against Defendant Klotz in her official capacity will be dismissed.

## V.

Plaintiff's retaliation claim against Defendant Klotz in her personal capacity will not be dismissed. The Sixth Circuit has held that

> [A] prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. In order to state a retaliation claim, a plaintiff must allege that: 1) he engaged in constitutionally protected conduct; 2) the defendants subjected him to an adverse action which caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that conduct; and 3) the adverse action was motivated at least in part as a response to the exercise of his constitutional rights.

*Manning v. Bolden*, 25 Fed.Appx. 269, 271–272 (6th Cir. Dec. 7, 2001) (holding that plaintiff adequately pled a retaliation claim after alleging that prison officials placed him in segregation for filing a lawsuit against them); *see also Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)("That inmates have a well-established constitutional right to access the courts, based in part on the First Amendment, is clear.").

Plaintiff alleges that Klotz placed Plaintiff in segregation after Plaintiff filed a Section 1983 claim against one of Klotz's coworkers. ECF No. 1 at PageID.5. While Plaintiff may or may not ultimately prevail on this retaliation claim, he has pleaded sufficient facts to state a potential claim for relief. Accordingly, the retaliation claim against Defendant Klotz in her personal capacity will not be dismissed at this time.

## VI.

Accordingly, it is **ORDERED** that Plaintiff's claims against Defendants Nevins, Crane, Muzins, Salinas, and Lindsey are **DISMISSED**.

It is further **ORDERED** that Plaintiff's claims against Defendant Klotz in her official capacity are **DISMISSED**.

It is further **ORDERED** that Plaintiff's claims of retaliation against Defendant Klotz in her personal capacity remain intact.

Dated: June 4, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Robert Taylor Brown** #742378, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201 by first class U.S. mail on June 4, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager