UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR BROWN,                     Case No.: 19-11509

       Plaintiff,                                 Thomas L. Ludington
v.                                                          United States District Judge

KELLI KLOTZ,                                       R. Steven Whalen
                                                              United States Magistrate Judge
       Defendant.
_____/

## REPORT AND RECOMMENDATION

On May 22, 2019, Plaintiff Robert Taylor Brown, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, based on events alleged to have occurred while he was detained at the G. Robert Cotton Correctional Facility. Before the Court is Defendant Klotz's Motion for Summary Judgment. (ECF No. 23), which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be **DENIED**.

### I.  FACTS

Plaintiff alleges that defendant corrections officer Kelli Klotz retaliated against him for filing a civil rights lawsuit against one or some of her co-workers by falsifying evidence and issuing him a retaliatory misconduct ticket for which he was placed in segregation. (ECF No. 1, PageID.5).

1

The issue before the Court in Defendant's motion for summary judgment is whether Plaintiff exhausted his administrative remedies on the claim before filing this lawsuit.  As the complaint is silent on the dates surrounding the allegations, Defendant believed Plaintiff was alluding to an April 2019 incident in which he received a misconduct ticket.

On April 2, 2019, contraband medication was found in Plaintiff's locker. (ECF No. 23-4, PageID.128).  He was issued a misconduct ticket for possession of contraband.  A hearing on the ticket was held April 10th.  Plaintiff initially pleaded not guilty, asserting that the pills were not his and that he did not lock his locker, implying that another prisoner could have put them there.  Plaintiff later changed his plea to guilty, still denying owning the pills but acknowledging that the pills were in his area of control.  (ECF No. 23-4, PageID.128).  Plaintiff did not mention any claim of retaliation or false evidence at that hearing, and had nothing further to add to the record. As punishment, Plaintiff was given 30 days loss of privileges, not segregation.  (*Id.*).  Plaintiff appealed, but the appeal was denied.  (*Id.* at PageID.137).

Plaintiff says his complaint is not about the April 2nd violation.  Rather, it's about the misconduct ticket issued for a violation on May 5, 2019.  (ECF No. 25, PageID.160-61).  Confusingly, although Plaintiff alleged in his complaint that he received segregation as a punishment on the retaliatory misconduct ticket, he was

2

not placed in segregation for the May 5th ticket. However, it was at the hearing on that ticket that he alleged retaliation.

According to the misconduct hearing report, on May 5th, Plaintiff was charged with possession of dangerous contraband. The issue there was that a bottle was found in Plaintiff's possession that smelled of bleach, which gave the impression that it contained bleach which is considered contraband. Plaintiff pleaded not guilty, admitting that the bottle was his, but explaining that it smelled of bleach only because he washed it with the "porter cleaning solution." (ECF No. 25, PageID.163). Plaintiff further stated that "his attorney told him to say this was retaliation because he has pending [§] 1983 litigation against the officer who wrote the ticket." It is not clear which officer that is. The ALJ concluded that the retaliation claim was baseless and clearly raised solely because Plaintiff's attorney told him to. However, the ticket was dismissed because of a procedural error; thus, Plaintiff was not placed in segregation. The hearing report was made available to Plaintiff on May 16, 2019. (*Id.*).

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

## B. Exhaustion

Under the Prison Litigation Reform Act (PLRA ) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper

exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90.

A dismissal for failure to exhaust is without prejudice. *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir. 2000); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D. Mich. 2011).

In *Jones v. Bock,* 549 U.S. at 214, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir. 1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies). In *Melton v. Michigan Corrections Commission*, 2009 WL 722688 (E.D. Mich. 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust. In the present case, the Defendant has framed her request as a motion for summary judgment, and I will address it as such.

### III. DISCUSSION

The MDOC's Policy Directive dated March 18, 2019 prescribes the three-step administrative exhaustion process for grievable matters. (ECF No. 23-2, MDOC Policy Directive 03.02.130). At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.*, ¶ Q, W. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

Where a prisoner's claim is based on an allegedly retaliatory misconduct ticket, like Plaintiff's, a different exhaustion method applies. MDOC Policy Directive 03.03.105, ¶ SSS, at https://www.michigan.gov/documents/corrections/03_03_105_626671_7.pdf.[1] In *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011), "the Sixth Circuit confirmed that claims concerning decisions made in the misconduct hearing

---

[1] Defendant's index of exhibits indicates that this policy directive is attached as Exhibit 6. However, Exhibit 6 is a duplicate of Exhibit 5—a copy of *Ayotte v. Stemen*, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019). This error carries no meaningful consequence, as the policy directive is available on the Michigan Department of Corrections Website, as cited here.

7

process must be exhausted through that process, not the prison grievance procedure." *See Chrzan v. Mckay*, 2020 WL 1067291, at *3 (W.D. Mich. Feb. 3, 2020) (also citing *Smith v. Goulet*, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018) (noting that "decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable" and that prisoners must raise issues concerning misconduct tickets in the misconduct hearing)). To exhaust a claim based on a misconduct hearing, a plaintiff "shall file a motion or application for rehearing . . . before seeking judicial review of the final decision or order." *Ayotte v. Stemen*, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted*, 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019) (quoting *Bergey v. Tribley*, 2015 WL 7731426, at *3 n. 1 (W.D. Mich. Oct. 20, 2015); *see also* M.C.L. § 791.255(1).

As noted in *Chrzan*, 2020 WL 1067291, at *3, courts in both this district and the Western District of Michigan have concluded that, in order to properly exhaust a retaliatory misconduct ticket claim, the prisoner must raise that claim at the misconduct hearing and, *if unsuccessful*, in a motion or application for rehearing or in an appeal. *See, e.g.*, *Rush v. Newcomb*, 2019 WL 3755967, at *6 (W.D. Mich. May 24, 2019), *report and recommendation adopted* 2019 WL 3733846 (W.D. Mich. Aug. 8, 2019) (noting the exhaustion process for a claim of false retaliatory misconduct ticket, and concluding that the plaintiff failed to exhaust because he

8

"failed to assert any fact that could support a claim of retaliatory action at the time of his misconduct hearing, and he did not petition to reopen his hearing"); *Ayotte*, 2019 WL 2219739, at *5 (noting that pursuant to *Siggers*, a prisoner "must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing" and then must file a motion or application for rehearing if unsuccessful); *Wilson v. Babyak*, 2020 WL 32552 (E.D. Mich. Jan. 2, 2020) (concluding that, to the extent the plaintiff claimed retaliatory misconduct tickets, the hearing/appeal process of exhaustion applied); *Harris-Bey v. Alcodray*, 2017 WL 3124328, at *4 (E.D. Mich. July 24, 2017) (concluding that the plaintiff failed to properly exhaust because "he did not allege retaliation at his misconduct hearing and, additionally, he did not appeal the finding of guilt following that hearing as required by MDOC Policy Directive 03.03.150 at VVV"); *Alexander v. Ojala*, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016) ("Plaintiff could only exhaust the claim that he was given a retaliatory misconduct ticket by asserting this claim during his misconduct hearing.").[2]

---

[2] Some courts in years past, and in unpublished decisions, have held that a claim against an officer for issuing an allegedly false retaliatory misconduct ticket *is* grievable because the prisoner is not challenging the hearing decision itself. *See, e.g.*, *Anthony v. Ranger*, No. 11-2199, 2012 U.S. App. LEXIS 27031 (6th Cir. June 19, 2012); *Brown v. Rivard*, 2017 WL 3405171, at *3 (E.D. Mich. Aug. 9, 2017). I do not follow those cases here for two reasons. First, the Sixth Circuit directs otherwise. *Smith*, 2018 WL 4374976, at *5 (W.D. Mich. June 20, 2018) ("Such

Plaintiff argues that he exhausted administrative remedies on the May 5, 2019 misconduct ticket because he alleged retaliation at the hearing. Alleging retaliation is one part of the exhaustion process; the prisoner must also seek rehearing or appeal of the hearing decision if he is unsuccessful. In this case, however, Plaintiff was successful at the hearing—the ticket was dismissed. Having succeeded in getting the ticket dismissed, it stands to reason that Plaintiff could not have obtained any further relief from MDOC, and thus did not need to seek rehearing or appeal the hearing decision. *Chrzan*, *supra*, suggests that the prisoner must appeal to exhaust his remedies *only if* he is unsuccessful.

This scenario is analogous to the three-step grievance process described above—where the prisoner is satisfied with the prison's response before reaching step II or III, the prisoner need not proceed to the next step. MDOC Policy specifically provides that a prisoner "*may* file a Step II grievance if s/he is

---

cases are difficult to reconcile with the Sixth Circuit's published decision in *Siggers v. Campbell* finding that the status of a grievance claiming a retaliatory major misconduct charge was 'irrelevant' because the only place the prisoner could properly raise challenges relating to the issuance of the misconduct charge was at the administrative hearing."). Furthermore, fairly recently, the Sixth Circuit affirmed a decision where this Court determined that a prisoner failed to exhaust a retaliation claim by failing to raise the issue during the misconduct ticket hearing process. *Carr v. Booker,* 2014 WL 409026 (E.D. Mich. Feb. 3, 2014), affirmed *Carr v. Booker,* Case No. 14-1258 (6th Cir. Dec. 4, 2014). Second, retaliation was part of the hearing decision in this instance, and so it can be said that Plaintiff's challenge to the retaliatory misconduct is a challenge to the conclusion that there was no retaliation. And, notably, Plaintiff does not contest that this method of exhaustion applies to his claim.

dissatisfied with the response received at Step I or if s/he did not receive a timely response." (ECF No. 23-2, PageID.111) (Mich. Dep't of Corr. Policy Directive 03.02.130 ¶¶ DD (emphasis added)). Similarly, MDOC Policy specifically provides that a prisoner "*may* file a Step III grievance if s/he is dissatisfied with the response received at Step II or if s/he did not receive a timely response." (*Id.* at PageID.112) (Mich. Dep't of Corr. Policy Directive 03.02.130 ¶¶ HH (emphasis added)). "A plausible reading of these provisions is that a prisoner is not required to pursue a matter through all three steps of the grievance process if the matter is resolved to his satisfaction prior to Step III." *Black v. Henley*, 2017 WL 1437881, at *3 (W.D. Mich. Mar. 27, 2017); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust "available" remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,'" and the prisoner need not further pursue the grievance."); *Annabel v. Heyns*, 2013 WL 4805690, at *5 (E.D. Mich. Aug. 7, 2013) (collecting cases); *Yowell v Booker*, 2014 WL 1096398, at *6 (E.D. Mich. Mar. 19, 2014) (Cox, J. adopting report and recommendation of Komives, MJ) ("[P]laintiff was not required to further exhaust a grievance that had been favorably resolved in order to comply with § 1997e(a)[;] he could have obtained no further relief at Step II or Step III that he had not already obtained at Step I, and he had no reason to further appeal[.]") (collecting cases).

Likewise here, since the May 2019 misconduct hearing was decided in Plaintiff's favor, he did not need to appeal in order to exhaust his claim; Plaintiff could not have obtained any further relief from MDOC.

Defendant also raises an issue regarding the timing of the hearing decision and of Plaintiff's signature on his complaint. Plaintiff signed his complaint on May 15, 2019, certifying that the complaint is "true and correct." (ECF No. 1, PageID.6). The hearing decision was not made available to Plaintiff until the next day, May 16th. Defendant suggests that Plaintiff prematurely filed his lawsuit, filing it before the decision was available. (ECF No. 26, PageID.172). Indeed, a prisoner must complete the administrative process *before* filing a lawsuit in federal court. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). A prisoner is not permitted to exhaust administrative remedies while his federal suit is pending. *Larkins v. Wilkinson,* 1998 WL 898870, at *2 (6th Cir. Dec.17, 1998) (unpublished) (dismissing plaintiff's complaint where his "attempt to exhaust his available administrative remedies only after filing suit in federal court ignores the clear mandate of § 1997e(a) which requires exhaustion ... prior to filing suit in federal court.").

The operative date is the date the complaint is *filed*, not *signed*. Plaintiff's complaint was filed May 22, 2019, after the hearing decision became available. Even if the date the complaint was mailed was considered the date of filing, an

issue of material fact remains as to whether Plaintiff had possession of the hearing decision before mailing the complaint to the Court. Although the complaint is dated May 15th, it is certainly possible (and notably there is no evidence to the contrary) that Plaintiff did not mail it until the 16th or 17th after reading the decision. Mailing it even as "late" as the 17th would still have provided time for the complaint to reach the Court by the 22nd.[3] Hence, a reasonable jury could conclude that Plaintiff filed his complaint after reading the hearing decision and thus after his claim was exhausted, believing that the complaint fully stated his claim regarding the alleged retaliatory misconduct ticket.

Exhaustion is an affirmative defense. It is Defendant's burden to prove that Plaintiff's claim was not exhausted. *Jones*, 549 U.S. at 218 (the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense). In light of the evidence and material questions in the record, Defendant has not met that burden.

Additionally, though Plaintiff says his complaint is *not* about the April 2019 misconduct hearing, in the interest of thoroughness I would note that any claim regarding the April hearing was not fully exhausted because Plaintiff did not raise retaliation at that hearing. (*See* ECF No. 23-4, PageID.128); *Ayotte*, 2019 WL

---

[3] Jackson, MI, where G. Robert Cotton Correctional Facility is located, is not exceptionally far from the courthouse in Detroit, MI.

2219739, at *5 (pursuant to *Siggers*, a prisoner "must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing").

Finally, Plaintiff appears to argue that the issue of exhaustion was decided in his favor in an earlier Order of this Court. (ECF No. 25, PageID.161). It was not. Early on, this case was referred to the prisoner litigation mediation program. (ECF No. 8). Defendants filed a motion to exclude the case from mediation, asserting that Plaintiff had not exhausted administrative remedies against Defendant Klotz. (ECF No. 10). Magistrate Judge Morris denied the motion "[b]ecause Plaintiff has sufficiently shown, *for purposes of mediation only*, that he *may have* exhausted his remedies." (ECF No. 12, PageID.57) (emphasis added). Judge Morris did not conclude that Plaintiff sufficiently exhausted his remedies.

## IV. CONCLUSION

I recommend that Defendant's Motion for Summary Judgment (ECF No. 23) be **DENIED**.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505

(6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: August 17, 2020                              s/R. Steven Whalen
                                                                       R. Steven Whalen
                                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 17, 2020 electronically and/or by U.S. mail.

                                                                       s/Carolyn M. Ciesla
                                                                       Case Manager