UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT TAYLOR BROWN #742378,

        Plaintiff,

v.

KELLI KLOTZ, C/O NEVINS,
C/O CRANE, C/O MUZINS,
HEARING INVESTIGATOR
SALINAS, and WARDEN K.
LINDSEY,

        Defendants.
_____/

Case No. 19-cv-11509
Honorable Thomas L. Ludington
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On May 22, 2019, Plaintiff Robert Taylor Brown, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 alleging that several MDOC employees violated his rights under the United States Constitution. ECF No. 1. On September 4, 2019, all pretrial matters were referred to Magistrate Judge R. Steven Whalen. ECF No. 18. On November 18, 2019, Defendant Kelli Klotz moved for summary judgment on the affirmative defense that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). ECF No. 23. On August 17, 2020, Magistrate Judge Whalen issued his report, recommending that Defendant's motion for summary judgment be denied. ECF No. 32. Defendant filed a timely objection to the Report and Recommendation on August 31, 2020. ECF No. 33. For the reasons stated below, the objection will be overruled, the report and recommendation will be adopted, and Defendant's motion will be denied.

I.

A.

Plaintiff's action is based on events that took place at the G. Robert Cotton Correctional Facility in Jackson, Michigan. ECF No. 1. According to Plaintiff, on May 5, 2019, Defendant Klotz issued a misconduct ticket to Plaintiff that falsely accused him of possessing bleach in a bottle that Defendant found in Plaintiff's locker. ECF No. 25 at PageID.163. Plaintiff alleges that Defendant issued the ticket in retaliation for a § 1983 action that Plaintiff had brought against Defendant's coworkers. ECF No. 1 at PageID.5. At the subsequent misconduct hearing on May 14, 2019, Plaintiff pled not guilty to the alleged misconduct. ECF No. 25 at PageID.163. He claimed that the bottle's smell of bleach came from a cleaning solution he used. *Id.* He also raised the issue of retaliation, consistent with counsel's advice. *Id.* In an opinion dated May 16, 2019, the ALJ rejected Plaintiff's allegation of retaliation but dismissed the misconduct ticket because of a procedural error. *Id.* On May 22, 2019, Plaintiff filed the instant action. The complaint indicates that he signed and dated it on May 15, 2019. ECF No. 1.

B.

Defendant's initial brief treated the complaint as though it were based on another misconduct ticket issued in April 2019. *See* ECF No. 23. Plaintiff's response brief clarified that he was complaining of the May incident. ECF No. 25. In her reply, Defendant was skeptical of Plaintiff's response, noting that the statement of facts was more consistent with the April incident. ECF No. 26 at PageID.171. Defendant ultimately maintained that "either [Plaintiff] was not referring to the May 5, 2019, misconduct in his complaint, or [Plaintiff] prematurely filed his lawsuit" because his complaint was dated one day before the ALJ's opinion. *Id.* at PageID.172. Defendant contends that summary judgment is warranted in either case. *Id.*

**C.**

Magistrate Judge Whalen recommended that Defendant's motion be denied. In his report, Magistrate Judge Whalen clarified the standard for exhaustion of misconduct tickets:

> As noted in [*Chrzan v. Mackay*,], courts in both this district and the Western District of Michigan have concluded that, in order to properly exhaust a retaliatory misconduct ticket claim, the prisoner must raise that claim at the misconduct hearing and, *if unsuccessful*, in a motion or application for rehearing or in an appeal.

ECF No. 32 at PageID.195 (emphasis in original) (citation omitted). He thus held that Plaintiff's failure to seek further administrative review was permissible because Plaintiff raised the issue of retaliation at the hearing on May 14, 2019 and was not unsuccessful in challenging the ticket. *Id.* at PageID.197. Magistrate Judge Whalen also rejected the allegation that Plaintiff's complaint was not "brought" before exhaustion. He held that (1) the date of filing, not the date the complaint was mailed, controls when the action is "brought" for purposes of 42 U.S.C. § 1997e(a), and that (2) even if the date of mailing controlled, there was a genuine issue of fact remaining. *Id.* at PageID.199–200. Magistrate Judge Whalen did, however, agree that if Plaintiff's complaint was based on the April 2019 incident, he would not have exhausted his administrative remedies. *Id.* at PageID.200

On August 31, 2020, Defendant filed a timely objection to the Report and Recommendation. ECF No. 33.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires

at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Defendant's only objection to the Report and Recommendation is that "[t]he record does not contain any support for the proposition that [Plaintiff] mailed his complaint after May 15, 2019." ECF No. 33 at PAgeID.204. As in her reply brief, Defendant relies on the fact that the complaint was dated May 15, 2019—one day before the ALJ's opinion was issued. Defendant thus

argues that, absent any evidence to the contrary, Plaintiff must have mailed his complaint prematurely.

Defendant seems to misunderstand the basis of Magistrate Judge Whalen's decision. As Magistrate Judge Whalen explained,

> The operative date is the date the complaint is *filed*, not *signed*. Plaintiff's complaint was filed May 22, 2019, after the hearing decision became available. Even if the date the complaint was mailed was considered the date of filing, an issue of material fact remains as to whether Plaintiff had possession of the hearing decision before mailing the complaint to the Court. Although the complaint is dated May 15th, it is certainly possible (and notably there is no evidence to the contrary) that Plaintiff did not mail it until the 16th or 17th after reading the decision. Mailing it even as "late" as the 17th would still have provided time for the complaint to reach the Court by the 22nd. Hence, a reasonable jury could conclude that Plaintiff filed his complaint after reading the hearing decision and thus after his claim was exhausted, believing that the complaint fully stated his claim regarding the alleged retaliatory misconduct ticket.

ECF No. 32 at PageID.199–200 (emphasis in original).

Defendant only implicitly challenges Magistrate Judge Whalen's holding that the date of filing rather than the date of mailing controls. Indeed, when she initially moved for summary judgment, Defendant seemed to agree that "[Plaintiff] filed his complaint on May 22, 2019." ECF No. 23 at PageID.100. Now she seems to urge a different understanding of when a complaint is "brought" under § 1997e(a); but there is no need to decide the proper standard here. As Magistrate Judge Whalen indicated, Defendant has not shown *when* the complaint was mailed. The record includes only three pieces of pertinent evidence: (1) that the complaint is dated May 15, 2019; (2) that the date May 20, 2019 is inexplicably written on the envelope; and (3) that the complaint was received and filed on May 22, 2019. Defendant effectively asks this Court to rule that the mailing date is dispositive, and that Plaintiff mailed the complaint prematurely, without any basis in law or fact. Defendant bears the burden of proving exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendant has not carried that burden here.

### IV.

Accordingly, it is **ORDERED** that Defendant Kelli Klotz's objection to the Report and Recommendation, ECF No. 33, is **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Whalen's Report and Recommendation, ECF No. 32, is **ADOPTED**.

It is further **ORDERED** that Defendant Kelli Klotz's Motion for Summary Judgment, ECF No. 23, is **DENIED**.

Dated: September 15, 2020          s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Robert Brown #742378, Parnell Correctional Facility, 1780 E. Parnell Rd., Jackson, MI 49201 by first class U.S. mail on September 15, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager