UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT TAYLOR BROWN,<br>      Plaintiff,<br>v.<br><br>KLOTZ,<br>      Defendant.<br>_____/ | Case No.: 19-11509<br><br>Thomas L. Ludington<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT (ECF No. 39) and VACATING ORDER TO SHOW CAUSE (ECF No. 42)**

Plaintiff Robert Taylor Brown initiated this *pro se* civil rights action on May 22, 2019. (ECF No. 1). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 36).

On November 18, 2020, Defendant Klotz filed a motion for more definite statement. (ECF No. 39). As Defendant noted, the original complaint contains "no dates as to when the alleged unlawful placement into segregation or the creation of the forged/falsified evidence occurred." (*Id.* at PageID.229). On the day the motion was filed, the Court ordered Plaintiff to file a response to the motion by December 30, 2020. (ECF No. 40). On January 7, 2021, having received no response from Plaintiff, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to file a response. (ECF No. 42). The Court also ordered Plaintiff to show cause why this case should not be dismissed for his

failure to keep his address updated with the Court because a number of Court documents had been returned as "undeliverable." On December 18, 2020, an amended complaint was mailed to the Court and subsequently entered on the docket January 11, 2021. (ECF No. 43). The envelope containing Plaintiff's amended complaint provided a new address for him. (ECF No. 43, PageID.258).

Because Plaintiff timely filed a response to the motion for more definite statement and implicitly provided an updated mailing address, the Order to Show Cause is **VACATED**. On this occasion, the Court separately updated Plaintiff's address. (ECF NO. 44). Plaintiff is reminded, however, that it is his responsibility to update the Court of his mailing address. In the future, the Court will not update the address on his behalf. Failure to keep his address updated may result in a recommendation that this matter be dismissed.

As for Defendant's motion for more definite statement, it is **DENIED WITHOUT PREJUDICE AS MOOT** in light of Plaintiff's amended complaint. As an initial matter, the undersigned will consider the amended complaint filed as of right. A complaint may be amended as of right within 21 days of the filing of a motion for more definite statement. Fed. R. Civ. P. 15(a)(1)(B). The Court gave Plaintiff until December 30, 2020, to respond to the motion for more definite statement, more than 21 days after Defendant filed the motion. On December 18th, one month after the motion for more definite statement was filed, Plaintiff

filed his first amended complaint in response to the motion for more definite. Despite the fact that the amended complaint came to the Court more than 21 days after the motion was filed, in light of the Court allowing Plaintiff additional time to respond to the motion, the Court accepts the amended complaint as filed within the as-of-right period.

"[A]n amended complaint supercedes all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). "It follows that 'motions directed at the superseded pleading,'" such as Defendant's motion here, "'generally are to be denied as moot.'" *Nails v. RPI-Section 8 Housing*, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (quoting *Heard v. Strange*, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 4184633 (E.D. Mich. Aug. 31, 2018) (denying defendant's motion for summary judgment without prejudice as moot); *Sango v. Johnson*, 2014 WL 4658379, at *1 (E.D. Mich. May 22, 2014) ("[A]ny motions directed at the original complaint are moot in the face of the filing of the amended complaint.").

Plaintiff's amended complaint appears to be an attempt to cure the deficiencies highlighted in Defendant's motion. The amended complaint contains considerably more detail than the original complaint, including dates of the alleged conduct and more factual development. (*Compare* ECF No. 1 *with* ECF No. 43). Because Defendant's motion relates to the original complaint, and the amended

complaint cures some of the deficiency in the original complaint, the motion is now moot.

Defendant must file an appropriate responsive pleading directed at the amended complaint within 21 days of this Order.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 28, 2021　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850
