UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT TAYLOR BROWN,

        Plaintiff,                         Case No. 1:19-cv-11509

v.                                         Honorable Thomas L. Ludington
                                               United States District Judge
KLOTZ,

                                               Honorable Curtis Ivy, Jr.
       Defendant.                    United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (5) DENYING AS MOOT PLAINTIFF'S REMAINING PENDING MOTIONS, AND (6) DISMISSING COMPLAINT WITH PREJUDICE**

This matter is before this Court upon Plaintiff's objections to the Magistrate Judge's Report and Recommendation (R&R). After reviewing those portions of the R&R to which Plaintiff has objected, Plaintiff's objections will be overruled, the R&R will be adopted, Defendant's Motion for Summary Judgment will be granted, Plaintiff's Motion for Summary Judgment will be denied, and Plaintiff's six remaining motions will be denied as moot.

I.

Plaintiff Robert Taylor Brown, imprisoned at Oaks Correctional Facility in Manistee, Michigan, brings this action under 42 U.S.C. § 1983 against Defendant Klotz, an MDOC corrections officer. Plaintiff alleges discriminatory harassment, cruel and unusual punishment, due-process violations, and a First Amendment retaliation claim.

**A.**

On April 30, 2019, Plaintiff alleges, Defendant "[r]etaliated by [d]iscriminatory [h]arassment affecting workly [sic] duties." ECF No. 43 at PageID.241–42. Plaintiff then filed a grievance against Defendant for undefined "inappropriate actions." *Id*. at PageID.242.

Five days later, Defendant gave Plaintiff a Class I misconduct ticket for possessing dangerous contraband. *Id.* at PageID.243. The ticket states Defendant discovered an unmarked brown bottle containing a liquid substance that smelled like bleach. *See* ECF No. 52 at PageID.337. Plaintiff alleges the ticket was retaliation for his April 30, 2019 grievance. ECF No. 43 at PageID.244.

Because of the ticket, Plaintiff adds, he was held in segregation from May 5, 2019–May 14, 2019. *Id*. After his release from segregation, the prison held a misconduct hearing. *See* ECF No.52 at PageID.361–67. Plaintiff pleaded not guilty to possessing dangerous contraband but admitted that the bottle was his. *Id*. at PageID.361. He argued that Defendant retaliated and that the ticket was not properly re-reviewed according to MDOC policy. *Id*.

The hearing officer dismissed the ticket because it was not re-reviewed with Plaintiff according to MDOC policy. *Id*.

**B.**

Plaintiff filed a four-count complaint on May 22, 2019 against six defendants. ECF No. 1. He alleged retaliation under the First Amendment (Count I), discriminatory harassment under the Equal Protection Clause of the Fourteenth Amendment (Count II), cruel and unusual punishment under the Eighth Amendment (Count III), and due-process violations under the Fourteenth Amendment (Count IV). ECF No. 1 at PageID.5.

Thirteen days later, this Court dismissed five defendants and Counts II, III, and IV. ECF No. 7 at PageID.30; 31. This Court also dismissed claims against Defendant Klotz in her official capacity. *Id*. Thus, only Count I remains, alleging Defendant retaliated against Plaintiff in her personal capacity thus violating his First Amendment rights. *Id*. at PageID.32.

Plaintiff filed an amended complaint in December 2020, reasserting the dismissed claims. ECF No. 43. The parties filed cross-motions for summary judgment. ECF Nos. 52; 61.

Magistrate Judge Curtis Ivy issued an R&R on March 16, 2022. ECF No. 63. Judge Ivy recommended that Defendant's Motion for Summary Judgment be granted and that the case be dismissed. *Id*. at PageID. 462. He also recommended that Plaintiff's Motion for Summary Judgment be denied and that Plaintiff's remaining motions be denied as moot. *Id*.

Plaintiff filed objections on March 22, 2022. ECF No. 64. He also filed a motion for more time to reply, ECF No. 65, a second motion for a jury trial, ECF No. 66, and a motion to order relief from judgment, ECF No. 67.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, to reject, or to modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Construed liberally in Plaintiff's interest, he raises three objections: (1) he does not have access to evidence or exhibits, (2) he should be appointed counsel because he does not have access to evidence, (3) his claims contain factual disputes. *See* ECF No. 64.

### A.

Plaintiff first asserts Defendant is "trying to capitalize on this claim" because Plaintiff's exhibits and evidence are allegedly "at home." ECF No. 64 at PageID.465.

But he did not make this argument to Judge Ivy. Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr*, 200 F.3d at 902 n.1. Therefore, Plaintiff's first objection will be overruled.

### B.

Plaintiff's second objection apparently addresses Judge Ivy's denial of Plaintiff's Motion for Appointment of Counsel. Plaintiff states he "motioned for appointment of counsel" because all his exhibits and evidence are "at home." ECF No. 64 at PageID.465–66 (cleaned up).

But Judge Ivy already considered and rejected this argument as moot. *See* ECF No. 63 at PageID.462. And Defendant has made no effort to demonstrate a flaw in Judge Ivy's analysis. A district court is "not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Therefore, Defendant's second objection will be overruled.

## C.

Finally, Plaintiff asserts his claim has factual disputes. ECF No. 64 at PageID.466. Notably, this statement is made "in support" of his request that this Court provide him copies of all prior filings. *Id*.

But Plaintiff neither specifies any factual disputes nor cites specific findings to which he objects. Ambiguously arguing that a genuine issue of material fact exists is not a proper objection. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution . . . is not an 'objection' as the term is used in the context of Federal Rule of Civil Procedure 72." (citation omitted)); *see McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (unpublished) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object); *see also* FED. R. CIV. P. 72. Therefore, this objection will be overruled. Even so, this Court agrees with Judge Ivy's finding that there are no genuine issues of

material fact. Thus, this Court will adopt Judge Ivy's recommendation to grant Defendant summary judgment.

### D.

In addition to his objections, Plaintiff filed three post-R&R motions. Because this Court will adopt Judge Ivy's R&R and grant Defendant's Motion for Summary Judgment, all three motions will be denied as moot.

Plaintiff's Motion for Extension of Time requests an extension "due to lack of legal materials," stating that his "paperwork is at home and [he has] no material to defend properly." ECF No. 65 at PageID.470 (cleaned up). Plaintiff does not need more time to access legal materials because there are no pending motions that Plaintiff must "defend."

Plaintiff's Motion for Jury Trial, ECF No. 66, vaguely requests a jury trial "for the unconstitutional violations committed." *Id*. at PageID.473. There is no need for a jury trial in this case because it has been resolved on the papers.

Finally, Plaintiff's Motion to Order Relief from Judgment, requests "full sought damages for the factual violation committed by" Defendant and reiterates Plaintiff's lack of access to legal materials and case documents. ECF No. 67 at PageID.476. These arguments are duplicative of the arguments advanced in Plaintiff's objections, *see* ECF No. 64, which this Court will overrule.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 64, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 63, is **ADOPTED**.

- 7 -

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 52, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 61, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion for Appointment of Counsel, ECF No. 59, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Jury Trial, ECF No. 60, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Jury Trial, ECF No. 66, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Extension of Time, ECF No. 65, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion to Order Relief from Judgment, ECF No. 67, is **DENIED AS MOOT**.

Further, it is ORDERED that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the case**.

Dated: September 13, 2022          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge